Appellant finally argues that his dismissal constituted an adjudication entitling him to appeal the decision to the Commonwealth Court because at a minimum, public employment is a personal privilege. This issue was recently addressed by this Court in *Werner v. Zazyczny*, 545 Pa. 570, 681 A.2d 1331 (1996). In *Werner*, a special investigator with the Office of Inspector General sought a writ of mandamus to compel an administrative hearing on his discharge from his position pursuant to 2 Pa.C.S. § 504. In order to be entitled to a hearing, we held that the special investigator had to demonstrate that his dismissal constituted an adjudication pursuant to 2 Pa.C.S. § 101. In attempting to make this argument, the special investigator argued that his dismissal constituted an adjudication because at a minimum, public employment is a personal privilege. This Court rejected that argument because he failed to demonstrate that his interest in continued employment as a special investigator, which was an at-will position, constituted a privilege. *Werner*, 545 Pa. at 582–83, 681 A.2d at 1337. Here, appellant also fails to demonstrate how his interest in continued employment as a probationary state trooper constituted a privilege.[3] Thus, no adjudication occurred which would entitle appellant to appeal the decision to dismiss

him as a probationary state trooper to the Commonwealth Court.

Based on the above, we conclude that the Commonwealth Court properly dismissed appellant's appeal for lack of jurisdiction because his dismissal as a probationary state trooper did not constitute an adjudication since he has failed to demonstrate sufficient facts to establish a property right or privilege in his continued employment.[4] Accordingly, we affirm the order of the Commonwealth Court.

NEWMAN, J., did not participate in the consideration or decision of the case.

### In re Nomination Petition of Margaret M. STUSKI

### v.

### Pauline LAUER.

Supreme Court of Pennsylvania.

April 22, 1997.

---

**3.** A personal right or a privilege which will constitute an adjudication pursuant to Section 101 of the Administrative Law and Procedure Act will arise if the party claiming a privilege can establish either some right or privilege created by statute and characterized as such or some constitutionally protected right or privilege. *Hecknauer v.Coder*, 32 Pa.Commw. 308, 379 A.2d 638 (1977) (city zoning administrator unable to demonstrate that his continued employment in that position constituted a personal right or privilege that would entitle him to an administrative hearing on his dismissal). Appellant, however, cites *Henry v. Commonwealth, Pennsylvania State Police*, 80 Pa.Commw. 595, 471 A.2d 1341 (1984) ("*Henry I*"), to support his position that continued public employment is a privilege. In *Henry I*, the state police cadet's right or privilege in public employment arose because of a consent decree entered in federal court in order to settle a dispute. This holding was restricted in *Henry v. Commonwealth, Pennsylvania State Police*, 86 Pa.Commw. 287, 484 A.2d 846 (1984), wherein the Commonwealth Court stressed that its holding in *Henry I* was limited to finding a right or privilege in continued employment because of the consent decree.

**4.** This holding is consistent with that of other courts that have interpreted whether. cadets or probationary state troopers have a property right in continued employment. *See Blanding v. Pennsylvania State Police*, 12 F.3d 1303 (3d Cir.1993) (predicting that this Court would hold that a probationary state trooper does not have a property right entitling him to due process protection); *Graham v. Pennsylvania State Police*, 160 Pa.Commw. 377, 634 A.2d 849 (1993), *appeal denied*, 538 Pa. 660, 648 A.2d 791 (1994) (state police cadet lacked property right in her employment and thus, Commonwealth Court lacked jurisdiction to hear her appeal); *Sweeting v. Com., Pennsylvania State Police*, 95 Pa.Commw. 45, 503 A.2d 1126 (1986) (dismissed probationary state troopers have no substantive property right that would require holding a due process hearing before they were discharged); *Marino v. Com., Pennsylvania State Police*, 87 Pa.Commw. 40, 486 A.2d 1033 (1985) (state trooper cadets dismissed for cheating on examinations did not have sufficient property right entitling them to a due process hearing prior to discharge).

*ORDER*

PER CURIAM:

AND NOW, this 22nd day of April, 1997, appellant's appeal IS DENIED and the order of the Commonwealth Court is AFFIRMED. A written opinion will follow.

**In the Matter of Ronald John WOROBEY.**

**No. 315 Disciplinary Docket No. 3.**

Supreme Court of Pennsylvania.

April 24, 1997.

*ORDER*

PER CURIAM:

AND NOW, this 24th day of April, 1997, a Rule having been entered by this Court on March 20, 1997, pursuant to Rule 214(d)(1), Pa.R.D.E., directing Ronald John Worobey to show cause why he should not be placed on temporary suspension and no response thereto having been filed, it is hereby

ORDERED that the Rule is made absolute; Ronald John Worobey is placed on temporary suspension and he shall comply with all the provisions of Rule 217, Pa. R.D.E.; and the matter is referred to the Disciplinary Board . pursuant to Rule 214(f)(1), Pa.R.D.E.

**OFFICE OF DISCIPLINARY COUNSEL, Petitioner,**

v.

**Craig B. SOKOLOW, Respondent.**

**No. 133 Disciplinary Docket No. 3.**

Supreme Court of Pennsylvania.

April 24, 1997.

*ORDER*

PER CURIAM:

AND NOW, this 24th day of April, 1997, there having been filed with this Court by Craig B. Sokolow his verified Statement of Resignation dated March 12, 1997, stating that he desires to resign from the Bar of the Commonwealth of Pennsylvania in accordance with the provisions of Rule 215, Pa. R.D.E., it is

ORDERED that the resignation of Craig B. Sokolow be and it is hereby accepted and he is DISBARRED ON CONSENT from the Bar of the Commonwealth of Pennsylvania; and it is further ORDERED that he shall comply with the provisions of Rule 217, Pa. R.D.E. Respondent shall pay costs, if any, to the Disciplinary Board pursuant to Rule 208(g), Pa.R.D.E.

**Robert GRIEFF and The Emlenton Volunteer Fire Association, Inc., Appellees,**

v.

**Marlene E. REISINGER and Louis Reisinger, Appellants.**

Supreme Court of Pennsylvania.

Argued Sept. 17, 1996.

Decided April 25, 1997.